(No. 3822— )

Verne E. Scott, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 15, 1944.*

C. E. Tate, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

Eckert, J.

In his complaint filed in this case on November 22, 1943, the claimant, Verne E. Scott, alleges that he is employed as a janitor in the Chemistry Annex at the University of Illinois; that on April 6, 1942, while carrying steel lockers from the Chemistry Annex to the Huff Gymnasium, he slipped and fell, sustaining permanent injury in the lower region of his back and spinal column; that despite his injury he continued his work, and on the 16th of April, 1942, while lifting paper towels onto shelves in the janitor's room in the Chemistry Annex, he felt his back "let loose"; that as a result thereof he was hospitalized both in Urbana, Illinois, and at Chicago, Illinois; that he is permanently and totally disabled from pursuing his usual occupation.

Respondent has filed a motion to dismiss the complaint on the ground that it was not filed within one year after the date of the accident, in accordance with the provisions of Section 24 of the Illinois Workmen's Compensation Act. That section of the Act provides that the right to file application for compensation shall be barred unless such application is filed within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid. It has been repeatedly held by the Illinois Supreme Court that compliance with this section is a condition precedent to the right to maintain proceedings under the Compensation Act. *City of Rochelle* vs. *Industrial Commission,* 332 Ill. 386; *Inland Rubber Co.* vs. *Industrial Commission,* 309 Ill. 43. The decisions of this court are to like effect. *Simpson* vs. *State,* 10 C. C. R. 394; *Baker* vs. *State,* 10 C. C. R. 111. Furthermore, in claims by State employees for compensation for accidental injuries, arising out of, and in the course of their employment, Section 24 of the Workmen's Compensation Act is controlling as to time within which such claims must be filed, and Section 10 of the Court of Claims Act allowing claims against the State to be filed within five years after their accrual is wholly inapplicable. *Boismenue* vs. *State,* 12 C. C. R. 36. Claimant having failed to comply with Section 24 of the Act, the court is without jurisdiction to make an award.

The motion of the respondent is therefore granted. Case dismissed.